# Attachment 3

*Letter from Rev. Ronnie P. Floyd*



Friday, October 24, 2025

The Hon. Paul L. Maloney
137 Federal Bldg
410 W. Michigan Ave
Kalamazoo, MI 49007

C/O Helen Nieuwenhuis, Esq.
Federal Public Defender's Office
50 Louis NW, Suite 300
Grand Rapids, MI 49504-2633
RE: US Vs. James Donald Vance, Jr. Case No. : 1:25-cr-088

Your Honor,

My name is Rev. Ronnie P. Floyd, and I am currently the pastor of Sacred Heart of Jesus Parish in Southwest Grand Rapids. I am writing on behalf of my parishioner, James Vance, who I understand has pleaded guilty to several serious charges related to making threats against public officials, to ask for leniency from the court and offer a character witness.

I have known James for about four years at Sacred Heart Parish. I am aware that James has a documented history of mental health issues and volatility at my parish from reports I received from my predecessor and others at the parish. At one point in time several years ago he became disgruntled at the parish and very publicly renounced his membership. This occurred, he has told me, while he was off his medications. Several years later, after I had arrived at Sacred Heart, he approached me filled with regret about rejoining the parish. He was very apologetic about the past issue and very mild mannered. He informed me at the time he was again taking his medications, which help him significantly. That said, while he does sometimes have extreme swings of emotion marked by periods of paranoia, I have never judged him a credible threat to our community or to others. James is very vulnerable to suggestion. In talking with him about the President of the United States on several occasions I was surprised by how seriously and literally he took the very polemical language he was hearing on mainstream news networks. He expressed on several occasions genuine fear that the president was maliciously trying to harm him and other people. At the time I tried to calm him down but he seemed to be genuinely afraid of the president and the current administration. I don't say this to excuse his behavior, which is unacceptable in a civil society, but to highlight what I perceive as a diminished mental capacity, which may mitigate his moral culpability in this case.

Punishment serves multiple objectives, including the administration of justice, deterrence, retribution, and the rehabilitation of offenders. In James's case, I believe that incarceration would not fulfill the intended purposes of punishment. Justice demands that the disorder in society be set

right. His guilty plea and contrition, in light of his limited mental capacity, suggest to me that treatment, not prison, would satisfy the demands of justice. James's guilty plea serves as a deterrent, encouraging individuals with mental health challenges to exercise caution in their online conduct and get help before they do or say something they regret. Particularly, when he is taking his medication, James has always struck me as a very gentle soul. Therefore, in James's situation adherence to his treatment plan seems essential to his rehabilitation. I worry that incarceration would hinder that goal. It would be helpful to James and society to restrict his access to media detrimental to his mental well-being. Restricting his access to incendiary media would also contribute to restoring the peace disrupted by his crime and effectively eliminate the immediate temptation to engage with such content and subsequently offend again. Implementing supervised mental health treatment or inpatient treatment is in the long term likely a more cost-effective approach to prevent James from re-offending and to facilitate his rehabilitation to the greatest extent possible.

Finally, I would be remiss if I failed to note that the previously mentioned dispute with the former pastor of Sacred Heart involved James's desire to carry a firearm on church property. Given James's history, including this incident and ongoing mental health challenges, I would recommend and ask the Court that his firearm access be restricted indefinitely to mitigate potential risks to both himself and the community. This measure, combined with either probationary supervision or treatment in a hospital, would in my opinion significantly enhance public safety.

As previously stated, my observations indicate that James possesses a gentle disposition, yet frequently experiences periods of mental distress. Therefore, I believe the most favorable outcome for both James and society in this situation would involve supervised care and adherence to a mental health treatment plan. Therefore, I respectfully request that the court consider alternative sentencing options for James.

Respectfully Yours,

*[signature]*

Rev. Ronnie P. Floyd, STL
Pastor